UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 06-50-JBC**

**MICHAEL T. MANNING,** **PLAINTIFF,**

**V.**     **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**     **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). On cross-motions for summary judgment (DE 7, DE 11), the court referred this action to United States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and Recommendation (DE 14), to which the plaintiff has filed objections (DE 15).

When the parties to an action submit such objections, the district court reviews the record *de novo*. 28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

**I. Factual Background**

The plaintiff is a forty-eight-year-old male with a high-school education, and he has past relevant work ("PRW") experience as a crane operator/welder. AR 19. He alleges that he became disabled on August 9, 2003, as a result of degenerative

disc disease, a bulging disc, spine spurs, arthritis, back pain, and chronic asthma. *Id.* The plaintiff's disability claim was denied initially and upon reconsideration, resulting in a hearing before Administrative Law Judge ("ALJ") Richard C. Bentley on February 7, 2005. AR 214-33. On May 25, 2005, ALJ Bentley issued a decision denying the plaintiff's claim for DIB. AR 18-26. Specifically, the ALJ found that the plaintiff had not engaged in substantial gainful activity since his alleged onset date and that, although his lumbar disc disease was a severe impairment, it did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. AR 25. The ALJ then determined that the plaintiff was unable to perform his PRW, but that he was able to perform a significant range of sedentary work, with certain restrictions. AR 25-26*.* Thus, the ALJ concluded that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 26*.* On December 21, 2005, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. AR 9-11.

**II. The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report and Recommendation principally on the ground that the Magistrate Judge did not properly credit the opinions of the plaintiff's treating physicians, Drs. Edwin Santos, Steven Kiefer, and Saroj Dubal. The plaintiff also claims that the Magistrate Judge and the ALJ ignored evidence that would have shown that he was unable to perform jobs that the Vocational Expert ("VE") claimed he was capable of performing. Finally, the

plaintiff requests that this case be remanded based on the multiple instances where the word "INAUDIBLE" is found in the ALJ hearing transcript.

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**A. The Plaintiff's Treating Physicians**

The plaintiff claims that the ALJ and Magistrate Judge failed to accord proper weight to the opinions of his treating physicians. In this case, three different physicians treated the plaintiff: Dr. Edwin Santos, Dr. Steven Kiefer, and Dr. Saroj Dubal. Dr. Santos examined the plaintiff in May and August of 2003. AR 115-16. The first visit concerned the plaintiff's complaints of edema and asthma;

only the latter visit related to the plaintiff's back pain.  Dr. Santos stated that he "put [the plaintiff] off work" temporarily, after noting that he was not scheduled to return until September 2, 2003.  Dr. Santos did not suggest that the plaintiff was permanently disabled, and there is no indication in the record that the plaintiff saw Dr. Santos after August of 2003.  Dr. Kiefer, who examined the plaintiff in September of 2003, also stated that the plaintiff's back pain was "diffuse" and that "he [was] not ready to go back to work" at that time.  AR 118-22.  Dr. Kiefer did not find, however, that the plaintiff was completely disabled or that he could never return to work.  Finally, Dr. Dubal performed facet block injections on the plaintiff in December of 2003 and January of 2004.  On January 20, 2004, Dr. Dubal stated that the "the patient will be continued on an off work status until further notice."  AR 139.  Again, the record does not show that the plaintiff ever saw Dr. Dubal after January 20, 2004.

The Sixth Circuit has repeatedly held that the opinions of a treating physician are entitled to significant deference.  *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec. of Health and Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).  An ALJ may, however, reject the opinion of a treating physician when that opinion is not sufficiently supported by medical findings or is inconsistent with the remainder of the evidence in the case.  *Walters v. Comm'r*, 127 F.3d 525, 530 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).  An ALJ

must give good reasons for rejecting the opinion of a treating physician. *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2).

Although the plaintiff claims that the ALJ and the Magistrate Judge erred in not giving controlling weight to the opinions of his treating physicians, the record demonstrates that none of these physicians ever opined that the plaintiff was unable to perform any substantial gainful activity. At most, the plaintiff's doctors kept plaintiff from performing his job on a temporary basis. The ALJ properly considered the findings of the plaintiff's treating physicians and concluded that he was not disabled.

**B. The Vocational Expert's Determination**

The plaintiff also argues that the ALJ erred in relying on the testimony of the VE because the VE's testimony as to the types of jobs the plaintiff could perform is contradicted by other evidence in the record. Specifically, the plaintiff claims that when the recommendations of Drs. Templin and Nickerson, consulting physicians in this case, were incorporated into the hypothetical given to the VE, the VE testified that the plaintiff could not perform any substantial gainful activity. Thus, the plaintiff contends that the ALJ incorrectly determined that he was not disabled.

The plaintiff's arguments find little support in the record. When Dr. Templin examined the plaintiff on April 1, 2004, he diagnosed him with chronic low back pain syndrome and degenerative lumbar disc disease. AR 194-203. Dr. Templin also recommended that the plaintiff avoid activities "requiring prolonged standing,

walking, frequent bending, stooping, kneeling, crouching, lifting, carrying, climbing, or riding in or on vibratory vehicles." AR 203. He also instructed the plaintiff to avoid lifting or carrying items weighing more than 20 pounds and to minimize the repetitive use of foot controls. Dr. Nickerson's recommendations were similar to Dr. Templin's. *See* AR 209. Dr. Nickerson also noted that the plaintiff's back pain varied from a "two" to a "two-and-a-half" out of a scale of ten on good days to a "five" or a "six" out of ten on bad days. AR 205. Contrary to the plaintiff's suggestion, neither Dr. Templin nor Dr. Nickerson claimed that the plaintiff was disabled for all work activity. Further, when the VE was questioned at the hearing, she did state that pain was a relevant factor in determining the plaintiff's residual functional capacity. AR 229-30. The VE also testified that the degree of pain the plaintiff reported would not preclude him from performing all substantial gainful activity. AR 230. Upon examination by the plaintiff's attorney, the VE admitted that the plaintiff's pain might worsen if he returned to work and that taking one day off per week would probably preclude a person from gainful employment. AR 231-32. It does not follow from this admission, however, that the ALJ's findings were erroneous. While the VE did acknowledge that the plaintiff's return to work may exacerbate his pain, the ALJ was not required to conclude that this factor rendered him unable to work, or that the plaintiff would have to miss work one day per week. The ALJ heard and considered the testimony of the VE, and his ultimate finding that the plaintiff was not disabled was supported by substantial evidence.

6

**C. The Inaudible Gaps in the Hearing Transcript**

The plaintiff's final argument focuses on the appearance of the word "INAUDIBLE" at numerous points in the transcript of his administrative hearing. The plaintiff claims that these gaps in the hearing transcript render the court unable to determine whether the ALJ's decision was supported by substantial evidence and therefore whether to remand this case to the Commissioner. The court concurs with the Magistrate Judge's conclusion that the plaintiff's argument is unpersuasive. Although there are several inaudible portions of the transcript, most of the gaps are immaterial. Moreover, in every instance, the gaps are sufficiently brief that the meaning of both the ALJ's question and the response can be determined. Therefore, the gaps in the transcript in this case have not undermined the court's review of the ALJ's decision, nor have they prejudiced the plaintiff's claims.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 14) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 11) is **GRANTED**.

Signed on November 30, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY